[Cite as *Geran v. State*, 2017-Ohio-8037.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JAMES E. GERAN, | : | |
| | | CASE NO. CA2017-04-041 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 10/2/2017 |
| - vs - | | |
| | : | |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2016-11-2530


Dennis L. Adams, 10 Journal Square, Suite 400, P.O. Box 643, Hamilton, Ohio 45012, for plaintiff-appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for defendant-appellee


**S. POWELL, P.J.**

{¶ 1} Appellant, James E. Geran, appeals from the decision of the Butler County Court of Common Pleas denying his petition for sex offender re-classification. For the reasons outlined below, we affirm.

{¶ 2} Many of the facts relevant to this appeal were established in our previous decision in *State v. Geran*, 12th Dist. Butler No. CA99-03-054, 2002-Ohio-2599. Those facts

are as follows.

{¶ 3} On December 16, 1994, Geran pled guilty to one count of robbery and one count of gross sexual imposition. Shortly after entering his guilty plea, on December 19, 1994, the trial court sentenced Geran to consecutive sentences of 5 to 15 years on the robbery charge and 18 months on the gross sexual imposition charge. The record makes clear that the 18-month sentence imposed for gross sexual imposition was to be served subsequent to the 5-to-15-year sentence imposed for robbery, thereby imposing a consecutive, aggregate minimum prison sentence of six and one-half years.[1]

{¶ 4} On July 1, 1997, the General Assembly enacted R.C. Chapter 2950, more commonly known as Megan's Law, which amended the state's sex offender registration process. As a result, on February 19, 1999, the trial court held a hearing pursuant to then R.C. 2950.09(B), adjudicated Geran a sexual predator, and ordered him to comply with the registration requirements of R.C. Chapter 2950.

{¶ 5} Geran appealed to this court challenging the trial court's decision requiring him to register as a sexual predator. At that time, an offender was required to register as a sexual predator if the offender satisfied one of the three categories enumerated in R.C. 2950.04(A). Those categories provided:

> (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after July 1, 1997, the offender is released in any manner from the prison term, term of imprisonment, or confinement * * *.
>
> (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after July 1, 1997, and if division (A)(1) of this section does not apply * * *.

---

1. Geran was also convicted of one count of assault and sentenced to a six-month prison term to be served concurrently with his sentences for robbery and gross sexual imposition.

(3)  If the sexually oriented offense was committed prior to July 1, 1997, if neither division (A)(1) nor division (A)(2) of this section applies, and if, immediately prior to July 1, 1997 the offender was a habitual sex offender who was required to register under Chapter 2950. of the Revised Code * * *.

{¶ 6}  In summarizing Geran's argument as to why the trial court erred by requiring him to register as a sexual predator, this court stated:

> Appellant argues that he does not meet any of the criteria under R.C. 2950.04(A) and is not required to comply with the registration and reporting requirements of R.C. Chapter 2950. Specifically, appellant argues he completed his sentence for the gross sexual imposition conviction before the July 1, 1997 effective date of R.C. Chapter 2950.  It therefore follows, appellant contends, that he is only currently serving a sentence for the robbery charge and is accordingly not required to comply with the registration requirements of R.C. 2950.04(A).

*Geran*, 2002-Ohio-2599 at ¶ 8.

{¶ 7}  In support of this position, Geran cited two cases: *State v. Bellman*, 86 Ohio St.3d 208 (1999) and *State v. Benson*, 12th Dist. Butler No. 99-11-194, 2000 Ohio App. LEXIS 3862 (Aug. 28, 2000).  This court, however, found neither case applicable since both offenders in those cases completed and were released from their respective terms of imprisonment following their convictions for sexually-oriented offenses well before the July 1, 1997 effective date of R.C. Chapter 2950.  *Id.* at ¶ 9.  In so holding, this court went on to state:

> Appellant was sentenced to consecutive terms of imprisonment for robbery and gross sexual imposition.  The aggregate minimum term appellant was required to serve was six and one-half years.  At the time of the classification hearing, appellant was still serving his aggregate sentence. Other courts have held that where a defendant is ordered to serve a term of imprisonment for a sexually oriented offense consecutive to a sentence for another offense, the defendant is considered to be serving a term of incarceration for a sexually oriented offense throughout the aggregate sentence and is therefore subject to the registration requirements of R.C. 2950.04(A).
>
> We accordingly conclude that appellant was serving a term of

incarceration related to a sexually oriented offense at the time his classification hearing was held and he is therefore subject to the registration requirements of R.C. Chapter 2950.

(Internal citations omitted.)  *Id.* at ¶ 10-11.

{¶ 8} This court also stated, albeit in a footnote:

In its sentencing entry, the trial court first imposed the 5 to 15 year term for the robbery charge.  The entry then sentenced appellant to 18 months on the gross sexual imposition charge with said sentence "to run consecutively with the sentence imposed in [the robbery charge]."  Thus, the first five years of appellant's sentence was arguably served on the robbery charge with the next eighteen months – including the period when appellant was classified as a sexual predator and ordered to register – constituting appellant's gross sexual imposition sentence.  Appellant was clearly serving an aggregate sentence for a sexually oriented offense both at the time R.C. Chapter 2950 went into effect and when appellant's classification hearing was held.

*Id.* at ¶ 10, fn. 2.

Geran did not appeal from this decision to the Ohio Supreme Court.

{¶ 9} Nearly 15 years later, on November 23, 2016, Geran filed with the trial court a petition for sex offender re-classification arguing he should not have to comply with the registration requirements of the now former R.C. Chapter 2950.  In support of this petition, Geran once again argued that he was not subject to the registration requirements since his 18-month prison sentence for gross sexual imposition was completed prior to the July 1, 1997 effective date of R.C. Chapter 2950.  Just as this court had done previously, the trial court disagreed and denied Geran's petition on March 15, 2017.  In so holding, the trial court noted that Geran was doing nothing more than "raising the same issues argued by convicted sex offenders across the State of Ohio throughout the state's multiple legislative machinations and *ad nauseum* legal appeals of relevant portions of the Revised Code." (Emphasis sic.)

{¶ 10} Geran now appeals from the trial court's decision, raising a single assignment

of error for review.

{¶ 11} THE TRIAL COURT ERRED BY DENYING APPELLANT'S PETITION FOR SEX OFFENDER RE-CLASSIFICATION.

{¶ 12} In his single assignment of error, Geran repeats the same argument alleging he is not subject to the registration requirements of the now former R.C. Chapter 2950 since his sentence for gross sexual imposition was completed prior to the July 1, 1997 effective date of R.C. Chapter 2950.  In support of this claim, Geran relies heavily on the Ohio Supreme Court's decision in *State v. Champion*, 106 Ohio St.3d 120, 2005-Ohio-4098; and the First District Court of Appeals decision in *Lewis v. Leis,* 1st Dist. Hamilton No. C-080216, 2009-Ohio-3096.  In both of those cases, however, the respective courts were dealing with issues involving offenders who were sentenced to concurrent sentences for the two crimes at issue, not consecutive, aggregate sentences as in this case.  This fact, standing alone, makes both *Champion* and *Leis* wholly distinguishable from the case at bar.  Geran's claim otherwise lacks merit.

{¶ 13} Again, as this court held previously when faced with this exact same issue nearly 15 years ago:

> Appellant was sentenced to consecutive terms of imprisonment for robbery and gross sexual imposition.  The aggregate minimum term appellant was required to serve was six and one-half years.  At the time of the classification hearing, appellant was still serving his aggregate sentence.  Other courts have held that where a defendant is ordered to serve a term of imprisonment for a sexually oriented offense consecutive to a sentence for another offense, the defendant is considered to be serving a term of incarceration for a sexually oriented offense throughout the aggregate sentence and is therefore subject to the registration requirements of R.C. 2950.04(A).

(Internal citations omitted.)  *Geran*, 2002-Ohio-2599 at ¶ 10.

{¶ 14} This court further stated:

> Appellant was clearly serving an aggregate sentence for a

sexually oriented offense both at the time R.C. Chapter 2950 went into effect and when appellant's classification hearing was held.

*Id.* at ¶ 10, fn. 2.

{¶ 15} Nothing about the cases cited by Geran convinces this court otherwise nor do we feel it necessary to reconsider out prior decision, for it is still clear that Geran was serving a consecutive, aggregate prison sentence for a sexually-oriented offense both at the time R.C. Chapter 2950 went into effect and when Geran's classification hearing was held. Therefore, finding no merit to Geran's arguments raised herein, Geran's single assignment of error is overruled.

{¶ 16} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.